UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONALD RUTLEDGE,** *et al.*
**on behalf of themselves and all others**
**similarly situated,**

        **Plaintiffs,**

v.

        **Case No.:  2:12-cv-0159**
        **JUDGE SMITH**
        **Magistrate Judge King**

**CLAYPOOL ELECTRIC, INC.,** *et al.***,**

        **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Objections to the Magistrate Judge's December 17, 2012 Report and Recommendation (Doc. 30).  This matter is fully briefed and ripe for review.  For the reasons that follow, Plaintiffs' Objections are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's Report and Recommendations in its entirety.

**I.**      **BACKGROUND**

Defendant Claypool Electric, Inc. ("Claypool Electric"), an Ohio corporation, employed individuals who performed construction and clerical work, including ordering construction materials by mail, phone or fax; accepting payment for services from customers; and performing work on federally funded construction products.  Defendant Charles C. Claypool "Defendant Claypool") is the CEO of Claypool Electric and maintained a significant ownership interest in Claypool Electric.  Defendant Claypool controlled day-to-day business functions such as setting salaries and pay scales of Claypool Electric's employees, which included Plaintiffs Donald

Rutledge, Lee Whitlatch and Charles Cox.  Plaintiff Rutledge worked initially for Defendants as an apprentice electrician and later as a journeyman electrician construction worker.  Plaintiff Whitlatch first worked for Defendants as a journeyman electrician construction worker and later as a foreman construction worker.  Plaintiff Cox worked as an apprentice construction worker.

On February 21, 2012, Plaintiffs filed this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of themselves and all other similarly situated individuals against Defendants for unpaid wages and overtime pay.  Plaintiffs also assert a claim under Ohio Revised Code § 4113.15 against Claypool Electric.  Plaintiffs define the three collective classes that they seek to represent as follows:

> a.  All current and former Claypool Electric, Inc. employees employed in the foreman or similar classifications who worked in excess of 40 hours per week and were not compensated for each and every hour worked in excess of 40 hours per week at one and one-half times his regular rate of pay; and
> b.  All current and former Claypool Electric, Inc. employees that were paid in "comp time," i.e., received paid time off, in lieu of being compensated for each and every hour worked in excess of 40 hours per work week at one and one-half times his regular rate of pay; and
> c.  All current and former Claypool Electric, Inc. employees whose overtime rate of pay was not calculated by using the weighted average of all hourly rates paid in one workweek.

(Compl. at ¶ 20).

On March 26, 2012, Plaintiffs filed a Motion to Conditionally Certify this case as a collective action, which included affidavits of the individual Plaintiffs in support of the Motion (Doc. 8).  Defendants moved to strike certain paragraphs of Plaintiffs' affidavits (Doc. 13).  On October 26, 2012, Plaintiffs also moved to equitably toll the FLSA statute of limitations for potential opt-in plaintiffs (Doc. 25).  The Court referred these pending motions to the Magistrate Judge for a report and recommendation.  The Magistrate Judge issued a Report and Recommendation on December 17, 2012, recommending that the Motion to Conditionally

Certify be denied, that the Motion to Equitably Toll the FLSA Statute of Limitations for Potential Opt-in Plaintiffs be denied as moot, and that the Motion to Strike be granted in part and denied in part. Specifically that the motion be granted as to paragraphs 5 and 6 of the Whitlatch affidavit; granted as to paragraph 3 of the Rutledge affidavit to the extent it refers to other employees and to paragraph 10 of the Rutledge affidavit; but denied as to paragraph 11 of the Whitlatch affidavit and as to paragraph 6 of the Cox affidavit.

On December 31, 2012, Plaintiffs filed Objections to the Magistrate Judge's Report and Recommendations. Defendants have responded and this matter is now before the Court.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on nondispositive matters. When a party lodges an objection to a magistrate judge's report and recommendation, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992)).

The "clearly erroneous" standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd., 19 F.3d 1432 (6th Cir. 1994). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party

must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Id.* at 686. General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

In Plaintiffs' Objections, they suggest the Court should conduct a de novo review of the Magistrate Judge's Report and Recommendation, however, this is incorrect. A motion for conditional certification under the FLSA is a nondispositive matter and therefore 28 U.S.C. § 636(b)(1)(A) is applicable. *See Landsberg v. Acton Ents., Inc.*, 2006 U.S. Dist. LEXIS 90716 (S.D. Ohio) (Sargus, J.) (the clearly erroneous or contrary to law standard is to be applied in reviewing objections to a Report and Recommendation denying conditional certification).

### III. DISCUSSION

Plaintiffs have submitted ten specific objections to the Magistrate Judge's December 17, 2012 Report and Recommendation (Pls.' Objections at 1-2). Generally, Plaintiffs do not object to the rulings on the majority of the Motion to Strike and to the conditional certification of the Crew Leader Class. Plaintiffs do object to the denial of the certification of the Comp Time and Weighted Average Classes.

The Court will first address Plaintiffs' Objections to the ruling on the Motion to Strike and then turn to the denial of the certification of the Comp Time and Weighted Average Classes.

#### A. Motion to Strike

Defendants moved to strike certain portions of Plaintiffs' affidavits on the grounds that each contained certain hearsay statements related to what other employees told each Plaintiff concerning their hours and pay (Doc. 13). Acknowledging Plaintiffs' argument that some courts do consider hearsay evidence at the conditional certification stage, the Magistrate Judge granted

Defendants' Motion to Strike certain hearsay statements based on prior rulings by this Court finding that hearsay statements are not proper for consideration at the conditional certification stage. *See Harrison v. McDonald's Corp.*, 411 F. Supp.2d 862 (S.D. Ohio 2005) (Holschuh, J.); *see also Landsberg*, 2006 U.S. Dist. LEXIS 90716.

Plaintiffs again raise the same arguments that this Court should consider hearsay statements during the conditional certification stage because there is generally a more lenient evidentiary burden during this phase. Plaintiffs assert that "this Court may reconsider its past decisions and adopt the view of the other courts and consider hearsay statements in ruling upon a motion for conditional certification." (Pls.' Objections at 13). However, this Court has held that "[i]n the absence of supervening case authority from the Supreme Court or the Court of Appeals, this Court is bound, under the doctrine of stare decisis, to follow decisions of its own judges." *Kerr v. Hurd*, 694 F. Supp.2d 817, 843 (S.D. Ohio 2010) (Merz, J.).

The Magistrate Judge correctly followed the prior decisions of this Court in declining to consider the proposed hearsay in Plaintiff's affidavits and accordingly her decision was not clearly erroneous or contrary to law.

### B. Conditional Class Certification

Plaintiffs move to conditionally certify this case under 29 U.S.C. § 216(b), which permits employees, under some circumstances, to collectively sue an employer for unpaid overtime pay. *See, e.g., Harrison*, 411 F. Supp.2d at 864-65. Section 216(b) specifically provides:

> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by

> any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The United States Court of Appeals for the Sixth Circuit has construed Section 216(b) as establishing two requirements for a representative action:

> 1) the plaintiffs must actually be "similarly situated," and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action. 29 U.S.C. § 216(b); *Hoffmann-La Roche, Inc., v. Sperling*, 493 U.S. 165, 167-68, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). Similarly situated persons are permitted to "opt into" the suit. This type of suit is called "collective action." It is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23.

*Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Certification in FLSA collective actions often follows two steps: conditional and final certification. *Harrison*, 411 F. Supp.2d at 864-65. *See also Frye v. Baptist Mem. Hosp., Inc.*, 2012 U.S. App. LEXIS 17791, at *6 (6th Cir. Aug. 21, 2012). The first stage, conditional certification, occurs at the beginning of the discovery process and the second stage, final certification, occurs after all class plaintiffs have decided whether to opt-in and after all or most discovery has concluded. *Comer*, 454 F.3d at 546; *White v. Baptist Mem'l Health Care Corp.*, 2012 U.S. App. LEXIS 2275, at *18 (6th Cir. Nov. 6, 2012) (citing *Comer*, 454 F.3d at 546).

"District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White*, 2012 U.S. App. LEXIS 2275, at *18 (citing *Comer*, 454 F.3d at 547). If conditional certification is granted, the putative class members are given notice and an opportunity to opt in to the action. *See, e.g., Heaps v. Safelite Solutions, LLC*, 2011 U.S. Dist. LEXIS 150313, at *4-5 (S.D. Ohio Dec. 22, 2011). However, certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546 (internal quotation marks and citations omitted).

The second stage, or final certification, imposes a "stricter standard[,]" *id.* at 547, "because it occurs near the end of discovery." *Frye*, 2012 U.S. App. LEXIS 17791, at *7. At this stage, "trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. "Plaintiffs generally must produce 'more than just allegations and affidavits' demonstrating similarity in order to achieve final certification." *Frye*, 2012 U.S. App. LEXIS 17791, at *6. In addition, at this stage, a defendant may, if appropriate, file a motion to decertify. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).

### 1. Comp Time Class

Plaintiffs seek to conditionally certify the case as a collective action as to a group of employees who were required to accept compensatory time, i.e. paid time off, in lieu of being compensated at one and one-half times their respective regular rates of pay. Specifically, Plaintiffs Whitlatch and Cox allege that while working on a project under Project Manager Bruce Gillogly, they were required to accept compensatory time instead of receiving overtime pay for 20 hours for Whitlatch and 5 hours for Cox.

The Magistrate Judge acknowledging that Plaintiffs offered evidence of Defendant's alleged failure to compensate Whitlatch and Cox, as well as 4-5 unidentified individuals, but held that Plaintiffs failed to demonstrate the existence of a widespread discriminatory plan. The small number of employees and the actual hours of disputed overtime do not support a widespread discriminatory policy. Aside from suggesting there are other individuals who were affected, Plaintiffs do not explain or provide any evidence to suggest a common policy. Further, the Magistrate Judge held that Plaintiffs have failed to demonstrate that the proposed comp time class is a 'manageable class."

Plaintiffs object to Magistrate Judge's focus on a common plan or scheme and assert that she "ignored evidence of specifically identifiable similarly situated employees." (Pls.' Objections at 7). Additionally, Plaintiffs object to the Magistrate Judge's conclusion that the Comp Time class would not be manageable.

The Court has reviewed the parties' arguments on the objections with respect to the Comp Time class and agrees with the decision of the Magistrate Judge. Numerous courts have held that alleged violations which impact only a small number of employees are not evidence of the required common policy or plan, and as such, are insufficient evidence to support conditional certification. Further, the Magistrate Judge did not err in concluding that the proposed class was not manageable. Even if the Court were to consider Plaintiffs' arguments that the proposed class could be re-shaped, they still fail to provide any guidance as to what would be a manageable comp time class in this case. There is no evidence that the Plaintiffs would present a single claim that if resolved for one, would be resolved for all. Plaintiffs have not offered any additional evidence in their objections, nor any arguments to establish that the Magistrate Judge's decision was contrary to law. Merely because Plaintiffs disagree with the Magistrate Judge's findings, does not mean that the decision was contrary to law.

Based on the aforementioned discussion and the Magistrate Judge's Report and Recommendation in this case, the Court finds that the Magistrate Judge's decision declining to conditionally certify Plaintiffs' proposed Comp Time class is neither clearly erroneous, nor is it contrary to law.

### 2.     Weighted Average Class

Plaintiffs seek to conditionally certify this case as a collective action as to a group of employees who were not paid the weighted average, i.e., a composite rate, as their overtime rate when those employees worked both prevailing wage rate projects and privately funding construction projects in the same workweek.  Plaintiff Rutledge asserts that he occasionally worked in excess of forty hours per week at different rates of pay, but was paid at lower private-hour wage rates rather than at the weighted average of his higher public-hour wage rate and private-hour rate.  Plaintiffs also reference the Opt-In consent form of Lee Whitlatch in which he checked a box that he too was not paid at the weighted average overtime wage rate.[1]

The Magistrate Judge concluded that Plaintiffs "offer no evidence that there exists other similarly situated employees who were not paid a weighted average of all hourly rates paid in one workweek.  Accordingly, plaintiffs have not made even a modest factual showing that plaintiff Rutledge is similarly situated to other employees."  (Doc. 29 at 29).

Plaintiffs object that the Magistrate Judge did not consider a common plan or scheme as a basis to conditionally certify this class.  Plaintiffs assert that Defendants admitted the policy upon which the weighted average class was based was in a company-wide policy.  Defendants, however, dispute this alleged admission.  Paragraph 52 of the Complaint specifically states: "Plaintiff Rutledge and other Weighted Average Class SSEs regularly were paid different rates

---

[1] This form was filed on October 24, 2012, well after the briefing was completed on Plaintiffs' Motion for Conditional Certification.  Plaintiffs did not ask the Court to consider it, yet now reference it in the Objections.  Defendants argue, and the Court agrees, that the consent form is not admissible evidence because it is not a sworn affidavit, nor is it a declaration under 28 U.S.C. § 1746.  Even if the consent form were considered, it is just one more Plaintiff making the allegation, but it does not provide any evidence of any others who were subjected to this alleged practice.

for different types of work during workweeks in which they worked in excess of forty hours." In response, Defendants denied the allegation that different pay rates occurred "regularly" during workweeks in which overtime was worked. (Answer ¶ 64). Defendants response in paragraph 53 of their Answer that is cited by Plaintiffs states: "employees were paid overtime at the rate of one and one-half times the basic hourly rate applicable to the work performed by the employees during the overtime hours." Defendants assert that this statement does not provide any evidence regarding whether any employees ever worked at two different pay rates during any week, much less regarding whether the alleged practice was widespread or occurred regularly.

  The Court agrees with Defendants and the Magistrate Judge's conclusion that the record contains no evidence that anyone other than Rutledge worked on both regular and prevailing wage jobs during any week in which they worked overtime. Accordingly, the Magistrate Judge's decision declining to conditionally certify Plaintiffs' proposed Weighted Average Class is neither clearly erroneous, nor contrary to law.

**IV.	DISPOSITION**

For the foregoing reasons, the Court finds that the Magistrate Judge's Report and Recommendation is neither clearly erroneous, nor contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. 72(a).  The Court therefore affirms and adopts the December 17, 2012 Report and Recommendation (Doc. 29) in its entirety.  Plaintiffs' Objections are **OVERRULED**.

Plaintiffs' Motion to Conditionally Certify the Case as a Collective Action is **DENIED**; Defendants' Motion to Strike Certain Paragraphs of Plaintiffs' Affidavits is **GRANTED IN PART AND DENIED IN PART**; and Plaintiffs' Motion for an Order Equitably Tolling the FLSA Statute of Limitations for Potential Opt-In Plaintiffs is **DENIED AS MOOT**.

The Clerk shall remove Documents 8, 13, 25, 29, and 30 from the Court's pending motions list.

**IT IS SO ORDERED.**

	 */s/ George C. Smith*	
	**GEORGE C. SMITH, JUDGE**
	**UNITED STATES DISTRICT COURT**